# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

No. 11-40064
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS SOSA-GUERRA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1132-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Sosa-Guerra pleaded guilty to being found in the United States after deportation, having previously been convicted of a felony, and was sentenced to 24-months' imprisonment and three-years' supervised release. The district court's written judgment required: "Within 72 hours of being placed on supervised release or upon completion of the custody sentence, the defendant shall surrender to a duly authorized immigration official." Sosa maintains: because the court did *not* impose this condition orally at sentencing, the written

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment should be amended to conform to the court's oral pronouncement. The Government concedes the error and agrees the written judgment should be amended.

Because Sosa had no opportunity at sentencing to challenge the subsequent inclusion of the condition in the written judgment, we review the court's imposition of the condition for abuse of discretion. *See, e.g.*, *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls". *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "[T]he judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement". *Id.* at 938. On the other hand, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement". *Id.* at 936 (emphasis in original) (citation and internal quotation marks omitted).

As Sosa contends, the condition imposed by the district court in the written judgment is not listed among the standard conditions of supervised release found either in Guideline § 5D1.3(c) or the relevant portion of the Southern District of Texas' General Order No. H-1996-10. Furthermore, the condition does not comport with the recommended special condition of supervised release ordering deportation in Guideline § 5D1.3(d)(6). Thus, the imposition of this special condition in the written judgment, but *not* orally at sentencing, constituted an abuse of discretion.

AFFIRMED in part; VACATED in part; and REMANDED for amendment of the written judgment consistent with this opinion.