**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2012

Lyle W. Cayce
Clerk

No. 10-41222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FERNANDO VASQUEZ-PARRALES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-919-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fernando Vasquez-Parrales pleaded guilty to reentry of a deported alien and was sentenced to 24 months' imprisonment and one year of supervised release. The written judgment required: "Within 72 hours of being placed on supervised release or upon completion of the custody sentence, the defendant shall surrender to a duly authorized immigration official." Vasquez maintains: because the court did not impose this condition orally at sentencing, the written

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment should be amended to conform to the court's oral pronouncement.  We agree.

Because Vasquez had no opportunity at sentencing to challenge the subsequent inclusion of the condition in the written judgment, review is for abuse of discretion. *E.g.*, *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).  "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls".  *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (citation and quotation marks omitted).  "[T]he judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement".  *Id.* at 938.  On the other hand, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement."  *Id.* at 936 (emphasis in original) (citation and quotation marks omitted).

As Vasquez contends, the condition imposed in the written judgment is not listed among the standard conditions of supervised release found either in Sentencing Guideline § 5D1.3(c) or the relevant portion of the Southern District of Texas' General Order No. H-1996-10.  Furthermore, the condition does not comport with the recommended special condition of supervised release ordering deportation in Sentencing Guideline § 5D1.3(d)(6).

AFFIRMED in part; VACATED in part; and REMANDED for amendment of the written judgment consistent with this opinion.