# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 10-41308
Summary Calendar

January 10, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO ZEPEDA-ZALABERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-491-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Francisco Zepeda-Zalaberry pleaded guilty to being found unlawfully in the United States following deportation. He was sentenced to 69-months' imprisonment and three years of supervised release.

The written judgment also imposed the following special condition of supervised release: "Within 72 hours of being placed on supervised release or upon completion of the custody sentence, the defendant shall surrender to a duly authorized immigration official."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because that condition was not imposed orally at sentencing, Zepeda contends the written judgment should be amended to conform to the court's oral pronouncement. Because Zepeda had no opportunity at sentencing to challenge the subsequent inclusion of the condition in the written judgment, our review is for an abuse of discretion. *E.g.*, *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

"[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls". *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "[T]he judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement". *Id.* at 938. On the other hand, "if the district court fails to mention a *special* condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement". *Id.* at 936 (emphasis in original) (citation and internal quotation marks omitted).

The condition imposed in the written judgment is not listed among the standard conditions of supervised release found either in Guideline § 5D1.3(c) or the relevant portion of the district court's General Order No. H-1996-10. Furthermore, the condition does not comport with the recommended special condition of supervised release ordering deportation in Guideline § 5D1.3(d)(6). Because the condition was not orally pronounced at sentencing, the district court abused its discretion in imposing the special condition in the written judgment.

AFFIRMED in part; VACATED in part; and REMANDED for amendment of the written judgment consistent with this opinion.