# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2012

No. 11-20618
Summary Calendar

Lyle W. Cayce
Clerk

SHELTON R. MODELIST,

Plaintiff-Appellant

v.

ANGELICA M. HERNANDEZ; WILLIAM R. BURKE, JR.; LINEBARGER
GOGGAN BLAIR; ANTHONY W. NIMS; CHRIS STACY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-387

Before JOLLY, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Shelton Modelist appeals the dismissal of his 42 U.S.C. § 1983 action.
After losing a tax-collection case in state court, Modelist filed a civil rights action
against the presiding judge in the tax case, the court-appointed tax master (the
judicial defendants), and the lawyers and law firm who represented the taxing
unit (the lawyer defendants). Modelist accused them of conspiring to maliciously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

obtain a "fraudulent" and "fabricated" final judgment, in violation of his rights of access to the courts, due process, and equal protection.

Modelist's claims are frivolous because the defendants are absolutely immune from suit under federal law. *See Martinez v. State of California*, 444 U.S. 277, 284 n.8 (1980). The judge is absolutely immune from liability for acts done in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). The special tax master has the same judicial immunity because he was performing a judicial function. *See Bass v. Parkwood Hospital*, 180 F.3d 234, 244 (5th Cir. 1999). Modelist offers a conclusory assertion that the judicial defendants acted in the clear absence of jurisdiction, but his allegations concern "alleged errors made by the judge in his judicial role" and thus establish that immunity applies. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). The lawyer defendants are also absolutely immune because they were performing "functions analogous to those of a prosecutor." *Butz v. Economou*, 438 U.S. 478, 515 (1978); *see Imbler v Pachtman*, 424 U.S. 409, 420-24 (1976); *Green v. State Bar of Texas*, 27 F.3d 1083, 1088 & n.7 (5th Cir. 1994).

Moreover, Modelist fails to allege "enough facts to state a claim to relief that is plausible on its face" against any defendant. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). He points to no specific factual allegation that, if accepted as true, would support his legal conclusions of fraud and corruption, and his assertions of legal errors do not allege a conspiracy. *See Arsenaux*, 726 F.2d at1023-24. Modelist's appeal is DISMISSED as frivolous.

This litigation is similar to recent, unrelated litigation Modelist pursued after he lost a state-court loan foreclosure proceeding. *See Modelist v. Miller*, 445 F. App'x 737 (5th Cir. 2011). After Modelist lost the foreclosure action, a federal jury rejected various federal claims against his lender and other defendants. *See id.* at 738 (background). Thereafter, Modelist "filed various lawsuits all of which have, at their core, been based on his apparent belief that he should have won the original lawsuit." *Id.* In Modelist's federal action

2

against judges, attorneys, and lenders involved in the foreclosure litigation, we affirmed a $5,000 sanction award against Modelist under Federal Rule of Civil Procedure 11(c)(1), and we told him, "[T]his relentless and repetitive litigation must end." *Id.* at 740-42. Undeterred by the sanction and our admonishment, Modelist has again accused those involved in prior litigation of conspiring to violate his constitutional rights.

Accordingly, as a sanction for repeated frivolous and vexatious litigation, we ORDER Modelist to pay $500 to the clerk of this court. Until he pays the full $500, Modelist is BARRED from filing any pro se civil appeal in this court or any pro se initial pleading in any court which is subject to this court's jurisdiction. The clerks of this court and all federal courts within this circuit are hereby directed to return to Modelist, unfiled, any attempted submissions that do not comply with this court's order.

Modelist's motion for sanctions against a deputy clerk of this court is DENIED.