# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-40509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL WARREN COX, JR.,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-266-2

———————

Before JONES, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Warren Cox, Jr., was convicted by a jury of conspiracy to possess, with intent to manufacture and distribute, methamphetamine, in violation of 21 U.S.C. § 846, and sentenced, *inter alia*, to life imprisonment. He raises numerous issues on appeal.

———————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40509

Cox first claims the evidence was insufficient to support his conviction. Because he preserved this issue in district court, review is *de novo*. *E.g.*, *United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013).

When viewed in the requisite light most favorable to the Government, with all reasonable inferences made in support of the jury's verdict, the evidence was sufficient to support Cox's conspiracy conviction. *See United States v. Romans*, 823 F.3d 299, 311 (5th Cir.), *cert. denied*, 137 S. Ct. 195 (2016). Contrary to his contention, the evidence was sufficient to establish more than a single agreement to buy or sell drugs. *See United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc). The evidence established he purchased methamphetamine from two individuals and distributed it with McKenzie; Cox sold methamphetamine to numerous people; and buyers participated in the conspiracy by helping to store, repackage, and distribute the methamphetamine. The jury could reasonably infer the existence of an agreement between Cox and McKenzie based on the circumstantial evidence. *See United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011). And, the evidence shows a reasonable trier of fact could conclude, beyond a reasonable doubt, that Cox agreed with McKenzie to violate the narcotics law by distributing methamphetamine; Cox had knowledge of the agreement; and he voluntarily participated in it. *See Romans*, 823 F.3d at 311.

Next, Cox contends the Government made various improper remarks during closing argument, constituting prosecutorial misconduct. Cox did not object to the remarks in district court, however; therefore, review is limited to plain error. *E.g.*, *United States v Rashad*, 687 F.3d 637, 643 (5th Cir. 2012). The remarks concerning why McKenzie did not testify at trial were not improper because they were made in response to defense counsel's closing argument, and they were based on the evidence presented at trial. The

remarks pointing out factual errors made by defense counsel in closing argument were not improper because the Government did not personally attack or denigrate defense counsel.  And, the remark that Cox had equal power to subpoena witnesses was not improper:  it did not implicate Cox's right not to testify, and it did not suggest or imply the Government's counsel personally made the decision to charge Cox with conspiracy.  *See United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004); *United States v. Palmer*, 37 F.3d 1080, 1086 (5th Cir. 1994).

Moreover, even if any of the Government's remarks were improper, Cox has not shown they had a strong prejudicial effect.  Further, the court gave a general instruction that the arguments made by counsel were not evidence.  Because jurors are presumed to follow their instructions, the court's instructions were likely sufficient to cure any prejudicial effect.  *See United States v. Anderson*, 755 F.3d 782, 798 (5th Cir. 2014).  In view of the strong evidence against him, Cox has not shown that any of the remarks "cast serious doubt on the correctness of the jury's verdict".  *See United States v. Reagan*, 725 F.3d 471, 492 (5th Cir. 2013).  Therefore, he has not shown any of the claimed improper remarks constituted plain (clear or obvious) error or affected his substantial rights.  *See Rashad*, 687 F.3d at 643.

For his third claim, Cox maintains the oral and written judgments conflict because, at sentencing, the court referred to a list of special conditions of supervised release in the presentence investigation report (PSR), rather than pronouncing each special condition in its oral judgment.  The record shows the PSR, which was provided to the parties, included the recommendation of mandatory and special conditions of supervised release.  Because Cox was aware of the recommended special conditions and bypassed his opportunity to object at sentencing, the plain error standard of review again

applies. *See United States v. Rouland*, 726 F.3d 728, 730–34 (5th Cir. 2013). There is no conflict between the oral and written judgments because the court referred to the special conditions recommended in the PSR, and the written judgment imposed the same recommendations. Cox was aware of the recommended special conditions and had opportunity to object. He has not shown reversible plain error. *See id.* at 730–34.

Finally, Cox contends the special conditions of supervised release requiring him to give the probation officer access to his financial information and requiring him to obtain a general education development (GED) certificate are substantively unreasonable. (The Government contends this issue is not ripe for review because Cox was sentenced to life imprisonment and may never be released from prison and placed on supervised release. As shown *infra*, we need not reach that issue.)

Because Cox did not object to these special conditions in district court, review is limited again to plain error. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009). Although the court did not give specific reasons for imposing the special conditions of supervised release at issue, the record indicates there is a reasonable relationship between them and the sentencing goals of 18 U.S.C. § 3553(a). *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015). The special condition requiring Cox to provide his financial information to the probation officer is reasonably related to the requirement that he pay for drug treatment and testing, and mental health treatment. The special condition requiring Cox to obtain a GED is reasonably related to his need for educational and vocation training. *See* 18 U.S.C. § 3553(a)(2)(D). *See Weatherton*, 567 F.3d at 152.

AFFIRMED.