# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2017

Lyle W. Cayce
Clerk

No. 17-40249
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEOBARDO VASQUEZ-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-1348-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Leobardo Vasquez-Ruiz pleaded guilty to one count of illegally reentering the United States following deportation and was sentenced to 37 months in prison and three years of supervised release.  He contends that the district court's oral pronouncement of sentence conflicts with its subsequent written judgment.  Specifically, although the district court advised Vasquez-Ruiz at sentencing that he was "going to get deported" and could not return to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the United States illegally, the district court did not state that Vasquez-Ruiz "must immediately report, continue to report, or surrender" to immigration officials upon his release from prison, as required by the written judgment. Vasquez-Ruiz maintains that because this "report or surrender" special condition was not orally pronounced at his sentencing, this court should vacate the judgment in part and remand so that the district court can conform its written judgment to its oral pronouncement of sentence.

Although the appendix to Vasquez-Ruiz's presentence report contained the special condition that he "immediately report" to immigration officials, the district court did not ask any targeted questions about supervised-release conditions during the sentencing hearing. Vasquez-Ruiz, thus, did not have a meaningful opportunity to object to the challenged special condition at his sentencing hearing. Consequently, our review is for an abuse of discretion. *See United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

"[W]e have long held that a defendant has a constitutional right to be present at sentencing." *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (footnote omitted). Therefore, when a conflict exists between the sentence orally pronounced in court and a later written judgment, the oral pronouncement controls. *See Warden*, 291 F.3d at 365. "The key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (citation omitted). "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists." *Id.* (citations omitted).

There is no conflict between the written judgment and oral pronouncement if the judgment includes supervised release conditions that are

No. 17-40249

mandatory, standard, or recommended by the Sentencing Guidelines, even if the conditions were not orally pronounced at sentencing. *See United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003). As Vasquez-Ruiz notes, the "report or surrender" requirement contained in the written judgment is not a standard or mandatory condition of supervised release, nor is it recommended by the Sentencing Guidelines. Instead, it constitutes a permissive special condition set forth in 18 U.S.C. § 3583(d) and in the Southern District of Texas's General Order No. 2017-01. This Court has previously held that the failure to pronounce orally the "surrender" provision constitutes a conflict with a written judgment that contains the requirement, even if the district court orally stated at sentencing that the defendant should not return to the United States illegally. *See United States v. Zepeda-Zalaberry*, 458 F. App'x 342, 343 (5th Cir. 2012); *United States v. Vasquez-Parrales*, 457 F. App'x 390, 391 (5th Cir. 2012); *United States v. Chinchilla-Comelly*, 456 F. App'x 463, 464 (5th Cir. 2012).

In this case, however, the district court not only advised Vasquez-Ruiz that he was subject to the special condition that he could not return illegally to the United States, but also specifically stated that he was "going to get deported." The requirement that Vasquez-Ruiz report or surrender to immigration officials is clearly consistent with the district court's intent that Vasquez-Ruiz would be deported upon his release from prison. *See Warden*, 291 F.3d at 365. This requirement did not broaden any of the restrictions or requirements of supervised release that were orally pronounced at sentencing. *See Mireles*, 471 F.3d at 558. Moreover, the "report or surrender" requirement is now part of the same special condition, set forth in the Southern District of Texas's General Order No. 2017-01, prohibiting a defendant from returning illegally to the United States. Based on the foregoing, there is no conflict

3

No. 17-40249

between the oral pronouncement of sentence and the written judgment. Accordingly, the district court's judgment is AFFIRMED.