# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

17-20505
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

JOSE D. IRAHETA,

Plaintiff - Appellant

v.

LINEBARGER GOGGAN BLAIR & SAMPSON, L.L.P.; PANKAJ PARMAR;
LEAH STOLAR; ROBERT CORTEZ; CYPRESS-FAIRBANKS
INDEPENDENT SCHOOL DISTRICT; HARRIS COUNTY; ELISA HAND;
JOHN DOE 1 & 2, unknown persons, Linebarger Goggan Blair & Sampson
LLP's partners; JOHN DOE 3-9, unknown persons, employees of Harris
County Tax Office and/or Harris County; JOHN DOE 10-13, unknown
persons, employees of Harris County Tax Office and/or Harris County; JOHN
DOE 14-15, unknown persons, employees of Cypress-Fairbanks Independent
School District,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3227

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-20505

Jose D. Iraheta, an active-duty servicemember proceeding pro se, appeals the district court's dismissal of his lawsuit. His complaint alleged, among other things, that Harris County and its outside tax-collection firm wrongfully attempted to collect unpaid property taxes from him during his term of service. Finding no error in the rulings of the district court, we AFFIRM.

**I.**

Jose D. Iraheta is a major in the U.S. Air Force. He entered active duty in January 2003 and remains on active duty to this day.

This lawsuit arises from the defendants' attempts to collect unpaid property taxes from him during his term of service. In April 2007, Linebarger Goggan Blair & Sampson, L.L.P., sued Iraheta on behalf of Harris County to collect unpaid taxes on Iraheta's real property. Iraheta, in turn, filed an answer, counterclaim, and cross-claim. Within 30 days of filing, the Linebarger firm moved to nonsuit the claims. Iraheta declined to dismiss his counterclaim. The state suit was abated in September 2009, reactivated on Iraheta's motion in April 2014, and dismissed with prejudice shortly after the district court entered judgment in this case.

Iraheta made his first salvo in federal court in the U.S. District Court for the Middle District of Georgia. That court dismissed for lack of personal jurisdiction. Iraheta, proceeding pro se, then refiled his complaint in the U.S. District Court for the Southern District of Texas. He alleged causes of action under the Servicemembers Civil Relief Act ("SCRA"), 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Texas Tax Code, and various state-law tort theories. He named a myriad of defendants, only some of whom remain at this juncture. The remaining defendants fall into two groups: (1) the Linebarger defendants—i.e., the Linebarger firm, Leah Stolar, Pankaj Parmar, Robert Cortez, and John Does 1 and 2; and (2) the

2

No. 17-20505

taxing authorities—i.e., Harris County, the Cypress Fairbanks Independent School District, Elisa Hand, and John Does 3 to 15.[1] His claims involved five properties, for which the district court used (and we adopt) the following names: the Main Street property, the East 27th Street property, the Pleasantbrook Drive property, the Walton Street property, and the Madeira Court property.

On September 27, 2016, the district court issued two orders. In the first, it dismissed Iraheta's state-law claims, granted summary judgment against Iraheta's Texas Tax Code claims, and granted summary judgment against all claims involving the Main Street, Pleasantbrook Drive, and East 27th Street properties. In the second, the district court denied without prejudice a motion to dismiss and directed Iraheta to amend his complaint. Iraheta filed an amended complaint, which the district court struck for restating dismissed claims and adding new ones. Later, the district court granted summary judgment in favor of the defendants on all remaining claims and entered final judgment. Iraheta timely appealed.

## II.

Iraheta's claims on appeal fall into four categories. First, he contends that the defendants are not entitled to sovereign immunity as to the state

---

[1] The other defendants named below are Corelogic Tax Services, LLC; Countrywide Home Loans, Inc.; Bank of America, N.A.; BAC Home Loan Servicing, L.P.; and Citimortgage, Inc. These parties were either terminated in the district court or ordered dismissed from this appeal on stipulation of the parties.

In addition, the district court granted summary judgment as to all claims against the Cypress Fairbanks Independent School District because the undisputed evidence showed that the properties were not within its taxing jurisdiction. Iraheta has not addressed that ruling on appeal. He has therefore forfeited any argument against it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Price v. Dig. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988))). Even assuming that he intended to raise such arguments, we would nonetheless affirm for the reasons explained later in this opinion.

claims. Second, section 31.02 of the Texas Tax Code allows him to sue defendants for wrongfully attempting to collect delinquent taxes. Third, the SCRA does not require him to occupy the protected properties, and, in any event, he offered sufficient evidence that he occupied two of those properties. Fourth, and finally, the district court abused its discretion by striking his complaint.[2] We address and reject each claim of error in turn.

### A.

State sovereign immunity deprives a court of subject matter jurisdiction. *See Stem v. Gomez*, 813 F.3d 205, 214 (5th Cir. 2016); *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). We review the grant of a motion to dismiss for lack of subject matter jurisdiction de novo. *Stem*, 813 F.3d at 209.

Sovereign immunity shields the State of Texas from both suit and liability. *See Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). That protection extends to "political subdivisions of the State, including counties, cities, and school districts." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *see Stem*, 813 F.3d at 214. It also protects government officials sued in their official capacities, *see Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007), and attorneys representing state taxing entities, *see, e.g., Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*,

---

[2] Iraheta also contends that the district court violated the Due Process Clause of the Fifth Amendment by dismissing his claims in its two September orders. Neither claim has merit. A court does not violate a party's rights when it properly dismisses a claim or action. *See Claus v. Gyorkey*, 674 F.2d 427, 436 (5th Cir. 1982). Thus, the real question is whether dismissal was proper. Notably, Iraheta argues only that the first September order, not the second, was improper. Accordingly, he has forfeited any argument that the second September order violated his due process rights (assuming there even is a colorable argument to that effect). *See Yohey*, 985 F.2d at 225.

No. 17-20505

333 S.W.3d 736, 745 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Only the Texas legislature may waive that immunity. *See Koseoglu*, 233 S.W.3d at 839.

Iraheta argues that under Texas law, a person may sue for illegally assessed or collected taxes. But Iraheta is not suing to recover illegally assessed or collected taxes. Rather, he is raising state-law tort claims against the defendants for their tax-collection attempts. Against those claims, the taxing authorities are immune: "Under the Texas Tort Claims Act, there is no waiver of immunity for tort claims 'arising . . . in connection with the assessment or collection of taxes by a governmental unit.'" *Vick v. Floresville Indep. Sch. Dist.*, 505 S.W.3d 24, 30 (Tex. App.—San Antonio 2016, pet. denied) (quoting Tex. Civ. Prac. & Rem. Code § 101.055(1)). Because Iraheta's complaint alleges actions taken by the individual defendants solely in their capacity as agents of a taxing authority, those defendants are likewise immune from personal liability. *See id; City of Houston v. First City*, 827 S.W.2d 462, 481 (Tex. App.—Houston [1st Dist.] 1992, writ denied).[3]

Iraheta also contends that the Texas Tort Claims Act's reservation of sovereign immunity is unconstitutional—though he never explains why. At any rate, his argument lacks merit. *See Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991) (holding that a state's reservation of sovereign immunity does not violate the Due Process Clause); *cf. Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

---

[3] Iraheta also argues that the Linebarger defendants were acting beyond their authority. For that argument, he relies on a contract that did not become effective until over one-and-a-half years after the collection action was nonsuited.

5

## B.

The district court granted summary judgment in favor of the defendants on Iraheta's Texas Tax Code § 31.02 claim. We review the grant of summary judgment de novo. *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 127 (5th Cir. 2017). The key question is whether there is a genuine dispute of material fact. *See id.* (citing Fed. R. Civ. P. 56(a)). In making that determination, we view the evidence in the light most favorable to the non-movant. *See id.*

Texas Tax Code § 31.02 provides that taxes "are delinquent if not paid before February 1 of the year following the year in which imposed." Tex. Tax Code § 31.02(a). An active duty servicemember "may pay delinquent property taxes . . . without penalty or interest no later than the 60th day" after the person is discharged, returns to non-active duty status, or returns to the state for more than ten days, whichever is earliest. *Id.* § 31.02(b). The statute prescribes the method for giving notice to the taxing authority. *See id.* § 31.02(d). If notice is properly given, the taxing authority "may not bring suit for delinquent taxes for the tax year in which the notice is given." *Id.* If the taxing authority does bring a suit for delinquent taxes, that suit "must be abated without cost to the defendant" upon "verification that notice was properly filed." *Id.* § 31.02(e).

Iraheta maintains that he can sue for violations of § 31.02(a), (b), and (d). In his view, the district court erred by holding that the sole remedy for a wrongful collections suit is abatement. We agree with the district court. As an initial matter, subsections (a) and (b) contain no prohibition that can be violated. Subsection (a) simply specifies when unpaid taxes become delinquent, and subsection (b) provides only that an active-duty servicemember "may pay

delinquent taxes" at a later time without penalty or interest.[4] More to the point, § 31.02 provides no cause of action for its violation. Subsection (d) commands that no suit may be filed. Subsection (e) provides the sole remedy for a wrongful suit: abatement without cost to the defendant. Iraheta argues that subsection (e) is only the remedy in cases where notice is not given prior to suit. The plain language of the statute rebuts that argument: the suit "must be abated" only "[o]n verification that notice *was* properly filed." Tex. Tax Code § 31.02(e) (emphasis added). That subsection presumes that notice was already filed—the verification of which triggers abatement. Accordingly, the district court properly granted summary judgment against Iraheta's Texas Tax Code claims.[5]

## C.

The district court granted summary judgment on Iraheta's SCRA claims on the basis that he failed to offer any evidence that the properties were occupied before or during his deployment. Iraheta contends that the SCRA does not require him to occupy the properties and that, in any event, he offered sufficient evidence of occupation for two properties.

The SCRA's purpose is to allow "servicemembers of the United States . . . to devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902. To that end, it provides certain relief from the consequences of tax

---

[4] Notably, this subsection still describes the unpaid taxes as "delinquent." *See* Tex. Tax Code § 31.02(b).

[5] Iraheta's complaint alleged the violations of the Texas Tax Code under his 42 U.S.C. § 1983 cause of action. He never argued in his briefing to the district court, however, that his cause of action for violations of the Texas Tax Code arose under § 1983. Rather, he represented that he was suing under Texas Tax Code § 31.02 itself, which he argued provided an implied private right of action. Iraheta did not contest in the district court (nor has he contested on appeal) that his § 1983 claims were predicated solely on violations of the SCRA and RICO. In any event, "violations of state law do not—'without more'—deprive federal rights redressable under Section 1983." *Brown v. Sudduth*, 675 F.3d 472, 478 (5th Cir. 2012) (quoting *Miller v. Carson*, 563 F.2d 757, 760 n.7 (5th Cir. 1977)).

delinquency. *See id.* § 3991. That relief only applies to the servicemember's "real property occupied for dwelling, professional, business, or agricultural purposes by [the] servicemember or the servicemember's dependents or employees." *Id.* § 3991(a)(2). The property must be occupied both "before the servicemember's entry into military service" and "during the time the tax or assessment remains unpaid." *Id.* Iraheta's argument that the statute does not require occupancy lacks merit. Although we must liberally construe the SCRA's provisions in favor of the servicemember, *see Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948), we are not free to erase its requirements from the U.S. Code.

On appeal, Iraheta takes issue with the district's court's grant of summary judgment as to only two of his properties: the Madeira Court and Walton Street properties. We agree with the district court that Iraheta has failed to offer evidence sufficient to create a genuine dispute of material fact. He testified during his deposition that he sold the Madeira Court property sometime between 2004 and 2006, and county records showed that the property was actually unimproved land from 2003 to 2006. Iraheta responded to that evidence in a single sentence in an affidavit created nearly six months after his deposition. He asserted that he and his dependents used the Madeira Court property from June 2002 through July 2006 for "agricultural and recreational purposes." That bare assertion, first raised in an affidavit manufactured to withstand a motion for summary judgment, is insufficient to create a genuine dispute of material fact. The defendants produced evidence that the property was raw undeveloped land that was sold by 2006. Thus, Iraheta has failed to raise a genuine dispute of material fact that he occupied the property "during the time the tax or assessment remain[ed] unpaid." 50 U.S.C. § 3991(a)(2)(B).

As for the Walton Street property, Iraheta testified at his deposition that his family vacated that property in May 2003 and has not lived there since.

No. 17-20505

Iraheta's affidavit merely stated that he and his family occupied the Walton Street property until June 2003 and that it became a rental property after October 2003. Iraheta entered active duty service in 2003. Any tax due on that property for the year 2003 would not have become delinquent until February 1, 2004. *See* Tex. Tax Code § 31.02(a). Therefore, he has failed to offer any evidence that he occupied the property "during the time the tax or assessment remain[ed] unpaid." 50 U.S.C. § 3991(a)(2)(B).

## D.

Iraheta takes issue with the district court's decision to strike his amended complaint. We review decisions denying leave to amend and striking pleadings only for an abuse of discretion. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (denying leave to amend); *Grabowski v. Carver*, 38 F.3d 5693, 1994 WL 574345, at *2 (5th Cir. 1994) (striking pleading).[6] "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller*, 342 F.3d at 566.

We see no abuse of discretion here. The district court denied Corelogic's motion to dismiss Iraheta's original complaint without prejudice. Despite apparent deficiencies in the original complaint, the district court resolved to give Iraheta leave to file an amended complaint addressing the shortcomings identified in Corelogic's motion. In doing so, it admonished him that it would dismiss his complaint if it contained any previously dismissed claims. Iraheta thereafter filed an amended complaint, nearly twice the length of his first. Not only did he include the dismissed claims—some of them with the notation "abated pending appeal," some of them without—he added new ones as well.

---

[6] "Unpublished opinions issued before January 1, 1996, are precedent." 5th Cir. R. 47.5.3 (footnote omitted).

Iraheta's inclusion of the dismissed claims squarely flouted the district court's order. And the addition of new claims strayed well beyond the court's leave.

The district court nonetheless declined the defendants' invitation to dismiss the action with prejudice. It opted for the lesser sanction of striking the amended complaint. The court found that Iraheta chose not to comply with its order. Because of its greater familiarity with the litigants and the course of proceedings, the district court was better situated than we are to make that determination; we defer to its finding. *Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990) (noting that in ruling on motion for sanctions, "the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard" because it is more "[f]amiliar with the issues and litigants"). The district court did not abuse its discretion by striking the amended complaint.

## E.

Finally, Iraheta asks this court to remand for a trial on all of his claims, including his RICO and § 1983 claims. The district court dismissed his RICO claim because a government entity cannot form the required intent. *See Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015). The district court dismissed his § 1983 claims against the Linebarger defendants because they have absolute prosecutorial immunity against those claims. *See Modelist v. Hernandez*, 482 F. App'x 971, 971 (5th Cir. 2012) (per curiam). Moreover, the district court concluded that Iraheta could not prove a § 1983 violation because it had already dismissed the SCRA and RICO claims on which the § 1983 claim was based.

Although Iraheta asks this court to restore his RICO and § 1983 claims, he fails to explain why. As such, he has forfeited any argument against the dismissal of those claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225

No. 17-20505

(5th Cir. 1993). Although we liberally construe a pro se litigant's brief, we do not fabricate arguments where none exist. *See id.*

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.