# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41002

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL CEPEDA-OLGUIN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-696-1

Before KING, ELROD, and HAYNES, Circuit Judges.

PER CURIAM: *

Rafael Cepeda-Olguin pleaded guilty to and was convicted of entering the United States after previous deportation in violation of 8 U.S.C. § 1326(a) and (b). At sentencing, the district court orally imposed standard conditions of supervised release and one special condition irrelevant to this appeal. But in its written judgment, the district court imposed two conditions of supervised release at issue on appeal: "[1] You must surrender to U.S. Immigration and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-41002

Customs Enforcement and follow all [its] instructions and reporting requirements until any deportation proceedings are completed. [2] If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter."

Cepeda-Olguin appealed, arguing that these conditions conflict with the district court's oral pronouncement and are therefore improper. Because Cepeda-Olguin did not have an opportunity to comment on or object to the allegedly additional conditions at sentencing, we review for an abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).[1]

When conditions in a written judgment and those pronounced orally at sentencing conflict, the oral pronouncements control. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). In general, a conflict exists when a written judgment broadens the conditions orally pronounced at sentencing. *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). No conflict exists when the written judgment includes standard conditions, which may be adopted by a district court through general order, even if they are not orally pronounced at sentencing. *See Torres-Aguilar*, 352 F.3d at 936. However, "if the district court fails to mention a special condition at sentencing, its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement." *United States v. Vega*, 332 F.3d 849, 852–53 (5th Cir. 2003) (per curiam); *see*

---

[1] The Government argues that plain-error review applies because an appendix to the presentence reported notified Cepeda-Olguin that the additional conditions might apply, but he did not object. At sentencing, no mention was made of these potential additional conditions. Cepeda-Olguin thus did not have "a meaningful opportunity to object to [them] at his sentencing hearing," and an abuse-of-discretion standard applies. *United States v. Vasquez-Ruiz*, 702 F. App'x 241, 242 (5th Cir. 2017) (per curiam); *see also Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority." (citing 5TH CIR. R. 47.5.4.)).

No. 17-41002

*also Bigelow*, 462 F.3d at 380–81 (reviewing for an abuse of discretion and vacating a special condition where the district court referenced "all the other terms and conditions" but failed to identify specific special conditions).

In this case, the first additional condition in the written judgment conflicts with the oral pronouncements at sentencing.  We have previously concluded that the addition of a condition to surrender to immigration officials after release from prison conflicts with oral pronouncements stating no such requirement where the district court had not adopted it as a standard condition.  *See, e.g., United States v. Zepeda-Zalaberry*, 458 F. App'x 342, 343 (5th Cir. 2012) (per curiam); *United States v. Vasquez-Parrales*, 457 F. App'x 390, 391 (5th Cir. 2012) (per curiam); *United States v. Chinchilla-Comelly*, 456 F. App'x 463, 464 (5th Cir. 2012) (per curiam).  The Southern District of Texas's General Order No. 2017-01 lists the first condition as a special condition that a sentencing judge may apply, not as a standard condition.  *See In re Conditions of Prob. and Supervised Release,* Gen. Order No. 2017-01 (S.D. Tex. Jan. 6, 2017).  Accordingly, the first condition should be excised from the written judgment.

The second additional condition, however, does not conflict.  At sentencing, the district court admonished Cepeda-Olguin that he must comply with all the standard conditions of supervised release, which included that he not commit another federal, state, or local crime.  That standard condition necessarily includes the second additional condition that Cepeda-Olguin not break the law by entering the country illegally.  *See* 8 U.S.C. § 1326.  The second condition thus does not conflict with the oral pronouncement because it does not broaden the conditions imposed at sentencing.  *See, e.g.*, *Vega*, 332 F.3d at 852–54.

For the foregoing reasons, we VACATE the sentence in part and REMAND the case to the district court for the limited purpose of amending the

No. 17-41002

written judgment to excise the first additional condition.