# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40900
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOHNATHAN RICARDO ALVAREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-436-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Johnathan Ricardo Alvarez appeals the 200-month sentence imposed following his guilty plea conviction of possession with intent to distribute 500 grams or more, that is, 5 kilograms of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(A). Alvarez challenges his sentence by arguing that the district court reversibly erred by determining that he qualified for a two-level adjustment under U.S.S.G. § 3B1.1(c) (2016) due to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

role in the offense. He also argues that this court should vacate and remand for entry of an amended judgment because the written judgment conflicts with the oral pronouncement of sentencing by including special conditions of supervised release that were not orally pronounced by the district court.

### *Offense Role Adjustment*

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). Guideline § 3B1.1(c) provides for a two-level increase if the defendant was an organizer, leader, manager, or supervisor in criminal activity. § 3B1.1(c).

Alvarez is correct that the commentary language indicates that the two-level "adjustment" set forth in § 3B1.1(c) applies where the defendant exercises control over participants, but a "departure" is warranted where the defendant exercises control over property, assets, or activities of a criminal organization. § 3B1.1 cmt. n.2. In *United States v. Delgado*, 672 F.3d 320, 344–45 (5th Cir. 2012), this court recognized that § 3B1.1 Application Note 2 provides an alternative basis for imposing the adjustment and affirmed the application of the two-level adjustment after finding no clear error in the determination that Delgado had exercised management responsibility over the property and activities of a drug trafficking ring.

This court has followed and applied *Delgado's* interpretation of § 3B1.1 Application Note 2, and this panel remains bound by *Delgado*.[1] *See Ochoa-Gomez*, 777 F.3d at 283–84; *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014); *United States v. Junius*, 739 F.3d 193, 208–09 (5th Cir. 2013). Thus,

---

[1] We note that members of the court have urged *en banc* review of *Delgado* because it "conflated an 'adjustment' and an 'upward departure' for purposes of Application Note 2 to [§ 3B1.1]." *Ochoa-Gomez*, 777 F.3d at 284–85 (Prado and Elrod, JJ., concurring). But *Delgado* remains the law of the circuit.

in accordance with *Delgado*, 672 F.3d at 344–45, "a § 3B1.1 adjustment may be based on either control over people or management of assets." *Ochoa-Gomez,* 777 F.3d at 283.

Although Alvarez objected to the adjustment, he did not provide evidence to refute the facts set forth in the PSR. The district court was therefore free to adopt the PSR, *see United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017), which establishes that Alvarez was involved in coordinating the sale of drugs, including their price, confirming the deal, and putting an undercover agent in touch with a courier. The significance of Alvarez's role is evidenced by his repeated attempts to reach the undercover agent after his co-defendants were arrested, his threat that someone would pay as a result of the lost drugs, and his indication that he had to go to Mexico to explain the loss of the load to unidentified coconspirators. Therefore, the district court's decision to apply § 3B1.1(c) is plausible due to either Alvarez's "control over another participant," or his "management responsibility over property, assets, or activities." *See* § 3B1.1(c) cmt. n.2; *Ochoa-Gomez*, 777 F.3d at 282–83; *Delgado*, 672 F.3d at 344–45.

### Supervised Release Conditions

At the sentencing hearing, the district court indicated that it was imposing the standard conditions that had been adopted by the court, a prohibition on the possession of firearms, and an obligation to cooperate in DNA sampling. The district court did not state that it was imposing special conditions of supervised release, nor did the district court state that it was imposing immigration-related conditions. However, in the written judgment, the district court set forth immigration-related special conditions of supervision. For purposes of the instant analysis the challenged conditions are numbered as follows:

No. 17-40900

    (1) You must surrender to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements until any deportation proceedings are completed;

    (2) If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter;

    (3) If you reenter the United States, you must report to the nearest probation office within 72 hours after you return; and

    (4) You must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States.

These conditions are included in General Order No. 2017-01 of the Southern District of Texas as special conditions that the district court has discretion to apply at sentencing. *See In re Conditions of Prob. and Supervised Release*, Gen. Order No. 2017-01 (S.D. Tex. Jan. 6, 2017). At the sentencing hearing the district court did not indicate that it was imposing the special conditions set forth in General Order No. 2017-01. Also, although conditions (1)-(4) are set forth in an appendix to the PSR, the district court at the sentencing hearing did not reference the list of conditions in the PSR. *See United States v. Cox*, 672 F. App'x 517, 519 (5th Cir. 2017). Because Alvarez had no opportunity at sentencing to object to the challenged conditions, this court will apply the abuse of discretion standard. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *United States v. Vasquez-Ruiz*, 702 F. App'x 241 (5th Cir. 2017).

    Conditions (1), (3), and (4) impermissibly conflict with the oral pronouncement of sentence. *See Bigelow*, 462 F.3d at 380–81; *United States v. Cepeda-Olguin*, 736 F. App'x 489, 490–91 (5th Cir. 2018); *United States v. Saldano-Cordero*, 735 F. App'x 134, 135 (5th Cir. 2018); *see also Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (providing that "[a]n unpublished opinion issued after January 1, 1996 is not controlling precedent,

No. 17-40900

but may be persuasive authority"); 5TH CIR. R. 47.5.4.   Condition (2) does not create a conflict with the district court's oral pronouncement because it is duplicative of the mandatory condition that Alvarez is prohibited from violating the law if and when he reenters the United States.  *See United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003); *United States v. Guillen-Cruz*, 670 F. App'x 361, 362 (5th Cir. 2016).

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED in part.  We REMAND the case to the district court for the limited purpose of amending the written judgment to excise conditions (1), (3), and (4), as set forth above.