# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

No. 18-20788
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO JAVIER CASTILLO MORALES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-390-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Castillo Morales challenges his sentence for illegal reentry, in violation of 8 U.S.C. § 1326(a) and punishable under § 1326(b)(1). He asserts: the district court erred by including a special condition of supervised release in the written judgment that was not orally pronounced at sentencing, requiring him to "immediately report to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

requirements until any deportation proceedings are completed"; and our court should, accordingly, vacate the judgment and remand for entry of an amended judgment, removing the special condition.

The special condition requiring surrender is reviewed for abuse of discretion. *E.g.*, *United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019); *United States v. Rivas-Estrada*, 906 F.3d 346, 349 (5th Cir. 2018). In that regard, if "there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls". *Vasquez-Puente*, 922 F.3d at 703 (quoting *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam)). "If, however, there is merely an ambiguity between oral and written sentences, then we must look to the intent of the sentencing court, as evidenced in the record[,] to determine the defendant's sentence." *Id.* (quoting *Torres-Aguilar*, 352 F.3d at 935) (internal quotation marks omitted); *see also United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006) (distinguishing "ambiguity" in sentences from "conflicting" oral and written sentences).

Although Morales contends the oral pronouncement conflicts with the written sentence, our court has, on similar facts, rejected an identical claim as to the same special condition requiring surrender. *See Vasquez-Puente*, 922 F.3d at 703–04. Just as here, the district court's oral pronouncement in *Vasquez-Puente* did not include the surrender condition, but it was included in the subsequent written judgment, following the same Southern District of Texas' Standing General Order No. 2017-01. *See id.* at 702–03. Unlike here, defendant's presentence investigation report (PSR) failed to include the "specific conditions" at issue. *Id.* at 702.

The special condition nonetheless did "not obviously 'conflict' with the district court's oral pronouncement"; it created, instead, an ambiguity. *Id.* at

704. The sentencing district court warned defendant, *inter alia*, he could not legally be present in the United States because he had previously been deported. *Id.* at 705. Because the district court's intent, as revealed in the record, was that "[he] be deported after serving his prison term", which was "consistent" with the special condition, the court had not abused its discretion. *Id.* at 704–05; *see also United States v. Vasquez-Ruiz*, 702 F. App'x 241, 243 (5th Cir. 2017) (holding no conflict between special surrender condition and oral sentence because special condition was "clearly consistent with the district court's intent", where sentencing district court "specifically stated", *inter alia*, defendant was "going to get deported").

Because the record in this case is similarly clear that the district court intended Morales be deported following his prison term, the oral and written pronouncements do not conflict. At sentencing, the district court stated, *inter alia*: "I assume he'll be immediately deported" upon release from incarceration; and, "When he's deported from the United States, he needs to remain outside of the country unless legally authorized to reenter". These statements show the district court intended he be deported following his incarceration, consistent with our court's holding in *Vasquez-Puente*.

AFFIRMED.