**In re TECORE, INC. and Tecore Wireless Systems MEA FZ–LLC, Relators.**

**No. 05–12–00537–CV.**

Court of Appeals of Texas, Dallas.

June 29, 2012.

Shawn M. McCaskill, Robert C. Wiegand, Goodwin Ronquillo, PC, Dallas, TX for Relator.

Edward P. Perrin Jr., Bryan P. Stevens, Hallett & Perrin, P.C., Dallas, TX, for real Party in Interest.

Before Justices BRIDGES, LANG, and FILLMORE.

## OPINION

Opinion by Justice FILLMORE.

Relators filed this mandamus proceeding after the trial court ruled that their notice of non-suit violated the court's stay order and was therefore void. We conclude the trial court abused its discretion in disallowing the non-suit and relators have no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

In March 2011, relators filed their original petition in the 101st Judicial District Court seeking, *inter alia,* a declaratory judgment regarding certain contracts they entered into with real party in interest AirWalk Communications, Inc. Three days later, AirWalk filed a petition in the 298th Judicial District Court seeking to confirm an arbitration award it had received against Tecore, Inc. d/b/a Tecore Networks. AirWalk then successfully moved to transfer its case from the 298th Judicial District Court to the 101st Judicial District Court.

In May 2011, AirWalk filed a motion to stay or, alternatively, to abate and compel arbitration in the case filed by relators. AirWalk claimed the causes of action in relators' lawsuit were barred by the arbitration award, and that its arbitration award confirmation suit should therefore proceed prior to relators' suit. The trial court agreed, and on June 20, 2011, signed an order stating that relators' lawsuit against AirWalk "is stayed until further order of the court."

In September 2011, the trial court confirmed the arbitration award in favor of AirWalk in AirWalk's lawsuit and indicated that the stay of relators' lawsuit would remain in place while any appeals of its ruling in AirWalk's case were pending. Shortly thereafter, relators filed a notice of non-suit of their case against AirWalk. AirWalk then filed a motion to declare the non-suit void and to enforce the stay order. By order signed April 6, 2012, the trial court found the non-suit was filed in violation of the stay and was therefore void. In that order, the trial court granted AirWalk's motion to enforce the stay.

█ In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). We conclude that relators have met this burden.

█ Texas Rule of Civil Procedure 162 provides that "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX.R. CIV. P. 162. "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990) (emphasis in original). Neither party has claimed that AirWalk had any claim for affirmative relief in the case filed by relators. Instead, AirWalk's argument is that a non-suit cannot be taken while the case has been stayed by the trial court. We disagree. Relators' right to take a non-suit was "unqualified and absolute"

and could not be prevented by a stay order entered by the trial court. That court simply had "no discretion to deny a nonsuit unless the defendant ha[d] filed pleadings seeking some form of affirmative relief." *United Oil & Minerals, Inc. v. Costilla Energy, Inc.,* 1 S.W.3d 840, 846 (Tex.App.-Corpus Christi 1999, pet. dism'd) ("a plaintiff who follows Rule 162 is not prevented from dismissing claims or taking a nonsuit during the existence of an abatement").

AirWalk cites *Oryx Capital International, Inc. v. Sage Apartments, L.L.C.,* 167 S.W.3d 432 (Tex.App.-San Antonio 2005, no pet.), for the proposition that a non-suit may not be filed while a case is stayed. However, in that case, it was the court of appeals that issued the order staying the trial court proceedings and ordering the trial court to take no further action in the case while the interlocutory appeal was pending. *Id.* at 438. The *Oryx* court recognized that a plaintiff may generally take a non-suit at any time, but found that the plaintiff had caused the trial court to violate the rules of appellate procedure. *See* TEX.R.APP. P. 29.5 ("While an appeal from an interlocutory order is pending .... the [trial] court must not make an order that: (a) is inconsistent with any appellate court temporary order; or (b) interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal."). In order to give effect to both Texas Rule of Appellate Procedure 29.5 and Texas Rule of Civil Procedure 162, the *Oryx* court held that plaintiff/appellee was required to ask the court of appeals to lift the stay prior to filing a non-suit. Here, relators' non-suit does not implicate an order of this Court or interfere with our jurisdiction, and *Oryx* is thus inapposite to this situation.

We conclude it was an abuse of discretion for the trial court to refuse to allow relators to non-suit their case, and relators have no remedy by appeal. Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its April 6, 2012 order granting defendant's motion to enforce the stay and to render an order dismissing cause number DC–11–03521, styled *Tecore Inc. and Tecore Wireless Systems MEA FZ–LLC v. AirWalk Communications, Inc.,* in accordance with relators' non-suit.