Larry A. VICK and Linda H. Vick, Appellants

v.

FLORESVILLE INDEPENDENT SCHOOL DISTRICT; City of Floresville; Wilson County; Linebarger Goggan Blair & Sampson, LLP; Rashay K. Chapa; and Wilson County Appraisal District; Appellees

No. 04-15-00437-CV

Court of Appeals of Texas, San Antonio.

Delivered and Filed: August 31, 2016

---

George May, Twomey | May, PLLC, Kingwood, TX, for Appellant.

Stacy Castillo, D. Craig Wood, Walsh, Anderson, Brown, Gallegos, Green & Trevino, P.C., Patrick Charles Bernal, Elizabeth Guerrero-Southard, Denton Navarro Rocha, Bernal, Hyde & Zech, PC, San Antonio, TX, Edward James Nicholas, Linebarger Goggan Blair Sampson, LLP, Houston, TX, for Appellee.

Sitting: Karen Angelini, Justice Patricia O. Alvarez, Justice Jason Pulliam, Justice

## OPINION

Patricia O. Alvarez, Justice

Larry A. Vick and Linda H. Vick (the Vicks) challenge the trial court's orders granting the pleas to the jurisdiction filed by Floresville Independent School District; City of Floresville; Wilson County; Linebarger Goggan Blair & Sampson, LLP; Rashay K. Chapa; and Wilson County Appraisal District. Because we have jurisdiction in this appeal, the Vicks' pleadings affirmatively negate jurisdiction, and Appellees' immunity was not waived under the Uniform Declaratory Judgment Act, we affirm the trial court's judgment.

### BACKGROUND

In October 2006, after he turned age 65, Larry Vick filed a notice to defer collection of property taxes on his residence homestead. *See* TEX. TAX CODE ANN. § 33.06(b) (West 2015) (Deferred Collection of Taxes on Residence Homestead of Elderly or Disabled Person).[1] However, in 2010, Wilson County Appraisal District removed the Vicks' exemptions and tax deferral status without notice to them. Attorney Rashay K. Chapa, of the law firm of Linebarger Goggan Blair & Sampson, LLP, on behalf of the City of Floresville, Wilson County, and Floresville Independent School District (the taxing entities), sued the Vicks to recover delinquent ad valorem taxes (tax suit). The Vicks filed an answer; they asserted they had applied for a deferral of taxes and they sought affirmative relief from the court to maintain the deferral. The Vicks then filed an affidavit stating the facts required to show their entitlement to a deferral and sought a declaration that this "statutory deferral [be] maintained" and moved to dismiss the tax. *See*

---

1. The statute reads in relevant parts as follows:

 (a) An individual is entitled to defer collection of a tax, abate a suit to collect a delinquent tax, or abate a sale to foreclose a tax lien if the individual:
 (1) is 65 years of age or older or is disabled as defined by Section 11.13(m); and
 (2) the tax was imposed against property that the individual owns and occupies as a residence homestead.
 (b) To obtain a deferral, an individual must file with the chief appraiser for the appraisal district in which the property is located an affidavit stating the facts required to be established by Subsection (a). The chief appraiser shall notify each taxing unit participating in the district of the filing. After an affidavit is filed under this subsection, a taxing unit may not file suit to collect delinquent taxes on the property and the property may not be sold at a sale to foreclose the tax lien until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead.
 TEX. TAX CODE ANN. § 33.06(a), (b).

*id.* § 33.06(c).[2] Based on this filing, the Vicks asserted the Tax Code automatically abated the tax suit until the 181st day after the property ceased being Vick's homestead. *See id.*

During the abatement period, the Vicks' mortgage company, Bank of America, paid the deferred taxes.[3] After Bank of America paid the deferred taxes, the taxing entities nonsuited their collection claims. Bank of America then increased the Vicks' mortgage payment from $525.20 a month to $6,669.90 a month.

Thereafter, the Vicks sued all the appellees for declaratory relief and actual and exemplary damages (damages suit) as follows:

- tortious interference with contract and business relations and expectancy;
- violation of constitutional guarantees of equal and uniform taxation, equal protection, and due process;
- misrepresentation;
- conspiracy;
- fraud in a real estate transaction;
- money had and received, and
- a declaration against all the appellees "regarding the rights of the Plaintiffs in and to the funds alleged-

ly collected as ad valorem taxes and the right to a refund or rebate."

The Vicks also sued the governmental units (i.e., Floresville Independent School District, City of Floresville, Wilson County, and Wilson County Appraisal district) for unconstitutional taking and negligence, and Wilson County Appraisal District for fraud.[4]

Appellees filed a joint answer and plea to the jurisdiction alleging that the governmental units have governmental immunity and the attorneys have immunity as agents of the governmental units and as attorneys.[5]

In December 2014, the trial court sustained each of the pleas to the jurisdiction and signed four orders that dismissed the Vicks' claims against the governmental units and the attorneys. On June 30, 2015, the trial court granted a motion to sever all of the Vicks' claims against the governmental units and the attorneys, and it assigned the severed claims a new cause number. At that point, the orders granting the pleas to the jurisdiction became final, and the Vicks appealed.

## STANDARD OF REVIEW

 "[Governmental] immunity from suit defeats a trial court's subject matter

---

2. Subparagraph (c) of the statute reads as follows:

(c) To obtain an abatement of a pending suit, the individual must file in the court in which suit is pending an affidavit stating the facts required to be established by Subsection (a). If no controverting affidavit is filed by the taxing unit filing suit or if, after a hearing, the court finds the individual is entitled to the deferral, the court shall abate the suit until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead. The clerk of the court shall deliver a copy of the judgment abating the suit to the chief appraiser of each ap-

praisal district that appraises the property.

TEX. TAX CODE ANN. § 33.06(c).

3. The Vicks alleged that counsel for the taxing entities improperly contacted Bank of America and convinced the bank to pay the deferred taxes.

4. The Vicks also sued Bank of America for multiple causes of action, but Bank of America is not a party in this severed suit and appeal.

5. Later, Wilson County Appraisal District and the City of Floresville each filed a supplemental plea to the jurisdiction; FISD subsequently filed a separate plea to the jurisdiction.

jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). If the governmental unit does not challenge the sufficiency of the plaintiffs' pleadings, but instead challenges the jurisdictional efficacy of the facts the plaintiffs have pled, the jurisdictional question is one of law. *Id.* at 226–28.

 We begin by evaluating the plaintiffs' pleadings. *State v. Holland*, 221 S.W.3d 639, 642 (Tex.2007). "We construe the pleadings liberally, looking to the pleaders' intent." *Id.* at 643 (citing *Miranda*, 133 S.W.3d at 226). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227; *accord Holland*, 221 S.W.3d at 643 ("[I]f the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted.").

 We review a trial court's ruling on a plea to the jurisdiction de novo. *Holland*, 221 S.W.3d at 642; *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

### A. Timeliness of Notice of Appeal

 As a threshold matter, Appellees argue the appeal must be dismissed for lack of jurisdiction because the Vicks' notice of appeal was untimely.[6] They argue that because the Vicks are appealing orders granting Appellees' pleas to the jurisdiction, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2015), the twenty-day deadline to file a notice of interlocu-

tory appeal applies, *see* TEX. R. APP. P. 28, 26.1(b), and the Vicks failed to meet those deadlines.

The trial court signed orders granting pleas to the jurisdiction on December 16, 18, and 22, 2014. By statute, the Vicks had the option to pursue interlocutory appeals, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) ("A person *may* appeal from an interlocutory order ...." (emphasis added)), if they filed a notice of interlocutory appeal within twenty days of the complained of order, *see* TEX. R. APP. P. 28, 26.1(b); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex.2007) (citing Rules 26.1(b) and 28). They did not.

Instead, the Vicks waited until the orders became final. On June 30, 2015, the trial court granted Appellees' motion to sever; the trial court's order severed the Vicks' claims against Appellees, and the orders granting the pleas to the jurisdiction became final. *See Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 78 (Tex. App.–San Antonio 1996, writ denied) (citing *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex.1963)). The Vicks filed their notice of appeal on July 14, 2015.

Because the Vicks filed their notice of appeal within thirty days after the orders became final, their notice of appeal was timely filed. This court has jurisdiction in this appeal. *See* TEX. R. APP. P. 26.1; *Houser v. McElveen*, 243 S.W.3d 646, 646 (Tex. 2008) (per curiam).

### B. Governmental Units' Immunity

 We now consider whether Appellees' pleas to the jurisdiction were properly granted.

---

6. Wilson County also argues that we should dismiss the appeal as to the County because the Vicks' notice of appeal did "not identify the Wilson/Linebarger Order as an order being appealed." The notice of appeal stated that the Vicks sought to appeal from the June 30, 2015 severance order. The June 30, 2015 order names all the appellees, including the County and Linebarger. Because the Vicks' notice of appeal states they are challenging a final order as to all appellees, the County's argument lacks merit.

Appellees rely on section 101.055(1) of the Texas Tort Claims Act for the proposition that the Vicks' claims should be dismissed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1) (West 2011) (limited waiver of governmental immunity for certain tort claims does not apply to claims arising "in connection with the assessment or collection of taxes by a governmental unit"). In their pleas to the jurisdiction, Appellees argued the Vicks' claims should be dismissed because there is no waiver of governmental immunity for tort claims arising from the collection or assessment of taxes. *See id.*

We agree that the governmental units' immunity was not waived. According to the Vicks' First Amended Original Petition, their claims stem from the taxing entities' filing suit against them to recover delinquent ad valorem taxes and the governmental units' request that Bank of America pay the delinquent taxes. Assessment and collection of taxes is a governmental function. *See, e.g., S & H Mktg. Grp., Inc. v. Sharp*, 951 S.W.2d 265, 267 (Tex.App.–Austin 1997, no writ) ("The collection of taxes is undoubtedly a governmental function."). Under the Texas Tort Claims Act, there is no waiver of immunity for tort claims "arising . . . in connection with the assessment or collection of taxes by a governmental unit." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055(1); *City of Hous. v. First City*, 827 S.W.2d 462, 481 (Tex.App.–Houston [1st Dist.] 1992, writ denied) ("[T]he intended purpose of section 101.055 [is] to insure immunity to the taxing unit while performing the governmental function of collecting revenue . . . ."). Thus, we cannot conclude that the trial court erred in granting the pleas to the jurisdiction with respect to the Vicks' claims against the governmental units. *See City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 372 (Tex.App.–Fort Worth 2001, no pet.) (concluding tort claims against city relating to tax abatement were barred by governmental immunity); *First City*, 827 S.W.2d at 481.

## C. Attorneys' Immunity

The attorneys claim governmental immunity as agents of the taxing entities performing the governmental function of tax collection.

We also agree that the attorneys were entitled to governmental immunity as agents of the taxing entities. In the Vicks' pleadings, they alleged that the attorneys advised the governmental units to contact Bank of America to seek repayment of the delinquent taxes. The Vicks' pleadings thus make clear that they are suing Linebarger and Chapa for the attorneys' actions taken in the course of accomplishing the governmental act delegated to the attorneys by the taxing entities that enjoy immunity for the very same act. *See Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 745–46 (Tex.App.–Houston [1st Dist.] 2010, no pet.); *First City*, 827 S.W.2d at 481 ("Since the intended purpose of section 101.055 was to insure immunity to the taxing unit while performing the governmental function of collecting revenue, imposing personal liability upon its agent while performing this governmental function would be contrary to public policy."). Accordingly, the trial court did not err in granting the plea to the jurisdiction for Linebarger and Chapa.

## D. Vicks' Objections

We now address the Vicks' objections. First, the Vicks assert that the appellees' (except for the Appraisal District) immunity is waived because Appellees initiated the litigation at hand. Second, they argue that the City is not immune from suit because it was negligent in the implementation of its taxing policy. Third, the Vicks

maintain that because they seek relief under the Uniform Declaratory Judgments Act, the appellees' immunity is expressly waived.

### 1. Immunity from Damages Suit not Waived by Initiating Tax Suit

■ We first address Vick's argument that the taxing entities initiated the litigation underlying this appeal and are therefore not immune from suit.

■ When a governmental unit files suit asserting affirmative claims for relief, it waives immunity concerning the claims against it that are "germane to, connected with, and properly defensive to" the matters on which the governmental unit based its claims for affirmative relief. *Reata Constr. Co. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex.2006). Here, however, after Bank of America paid the taxes, Appellees nonsuited their claims against the Vicks (tax suit).

■ The Vicks argue Appellees' nonsuit was ineffective because the tax suit was abated after Vick filed his section 33.06(c) affidavit. *See* TEX. TAX CODE ANN. § 33.06(c). But Texas Rule of Civil Procedure 162 provides that "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit, which shall be entered in the minutes." TEX. R. CIV. P. 162. "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990). No party has claimed that the Vicks asserted a claim for affirmative relief in the tax suit. Instead, the Vicks' argue the taxing entities could not nonsuit the tax suit while the tax suit was abated by the trial court. We disagree.

The taxing entities' right to take a nonsuit was *"unqualified and absolute"* and

could not be prevented by an abatement. *See id.*; *see also In re Bennett*, 960 S.W.2d 35, 38 (Tex.1997) (per curiam) ("Generally, plaintiffs have the right under [Rule] 162 to take a nonsuit at any time until they have introduced all evidence other than rebuttal evidence."). The trial court had "no discretion to deny a nonsuit unless the defendant ha[d] filed pleadings seeking some form of affirmative relief." *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 846 (Tex.App.–Corpus Christi 1999, pet. dism'd) ("[A] plaintiff who follows Rule 162 is not prevented from dismissing claims or taking a nonsuit during the existence of an abatement."); *accord In re Tecore, Inc.*, 371 S.W.3d 603, 604–05 (Tex.App.–Dallas 2012, no pet.); *AAA Free Move Ministorage, L.L.C. v. Latigo Props., Inc.*, No. 04–14–00075–CV, 2015 WL 1120330, at *2 (Tex.App.–San Antonio Mar. 11, 2015, no pet.) (mem. op.) (holding notice of nonsuit is effective when filed despite abatement). Thus, the taxing entities' nonsuit immediately terminated all of the entities' claims in the tax suit, and the tax suit concluded. *See Millard*, 800 S.W.2d at 840. It was the Vicks, not Appellees, who initiated the damages suit—the matter now on appeal.

### 2. City's Immunity from Suit not Waived

■ Next, we need not reach the Vicks' allegation that the City negligently implemented its tax policy by soliciting payment of taxes that were not due from Bank of America and then "attempted to cover up its wrongful acts by 'nonsuiting' its tax collection claim in an abated case." Even if that allegation were true, it would establish only that the discretionary function exclusion found in section 101.056 of the Tort Claims Act does not apply. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.056 (West 2005). The Vicks would still have to

plead sufficient facts to demonstrate a waiver of immunity under some other provision of the Tort Claims Act, which they have not done. *See Miranda*, 133 S.W.3d at 226; *Dimas v. Tex. State Univ. Sys.*, 201 S.W.3d 260, 267–68 (Tex.App.–Houston [14th Dist.] 2006, no pet.) (holding that a negligent implementation of policy theory of liability does not itself waive immunity; plaintiff must first establish a waiver of immunity under some other provision of the Tort Claims Act before he can pursue a claim of negligent implementation). The Vicks have not shown that the City's immunity was waived.

*3. Immunity not Waived under UDJA*

Finally, the Vicks argue that because they sued for relief under the Uniform Declaratory Judgments Act (UDJA), immunity is expressly waived. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633–34 (Tex. 2010). In the Vicks' First Amended Original Petition, they sought "a declaratory judgment against all defendants regarding the rights of the Plaintiffs in and to the funds allegedly collected as ad valorem taxes and the right to a refund or rebate." We must read their pleadings liberally. *See Holland*, 221 S.W.3d at 643. Under a liberal reading, they argue, their petition shows they sought an interpretation of several provisions of the Tax Code, particularly section 33.06(a). Even reading the Vicks' petition liberally, we disagree that they sought an interpretation of section 33.06(a).

The Vicks sought to recover actual and exemplary damages. "It is well settled that 'private parties cannot circumvent [a governmental unit's] immunity from suit by characterizing a suit for money damages . . . as a declaratory-judgment claim.'" *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex.2009) (quoting *Texas Natural Resource Conservation Com'n v.*

*IT–Davy*, 74 S.W.3d 849, 856 (Tex.2002))). Further, while the UDJA waives governmental immunity for certain claims, it is not a general waiver of governmental immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (West 2015); *see also Heinrich*, 284 S.W.3d at 373 n. 6 (noting that the UDJA waives immunity for claims challenging the validity of ordinances or statutes). Generally, the UDJA does not alter a trial court's jurisdiction. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex.2011). Rather, the UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). And a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit. *Heinrich*, 284 S.W.3d at 370–71. Accordingly, governmental immunity will bar an otherwise proper UDJA claim that has the effect of establishing a right to relief against a governmental unit for which the legislature has not waived immunity. *See City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex.2007) (per curiam).

Because the Vicks did not challenge the validity of a statute or ordinance, and sought to obtain a money judgment, Appellees' immunity was not waived under the UDJA.

*4. Opportunity to Replead*

Lastly, we address the Vicks' argument that the trial court erred in granting the plea to the jurisdiction before allowing them an opportunity to amend their pleadings.

"If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court[']s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of

pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *accord Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002). But, as in this case, "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227; *accord Ramirez*, 74 S.W.3d at 867.

Taking the alleged facts in the Vicks' pleadings as true, we nevertheless conclude their pleadings affirmatively negate any waiver of immunity. Thus, the trial court did not err in granting the pleas to the jurisdiction, and we deny the Vicks' request for a remand to amend their pleadings.

CONCLUSION

We overrule the Vicks' issues on appeal and affirm the trial court's judgment.