COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS



| | | |
|---|---|---|
| ATI JET SALES, LLC, | § | No. 08-21-00208-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 6 |
| CITY OF EL PASO, TEXAS, and MARIA O. PASILLAS, TAX ASSESSOR-COLLECTOR, CITY OF EL PASO, | § § | of El Paso County, Texas (TC# 2021DCV1168) |
| Appellees. | § | |
| | § | |

## **O P I N I O N**

This case involves the assessment of delinquent ad valorem taxes and consequential seizure of an aircraft by city taxing authorities. Appellant, ATI Jet Sales, LLC, challenges a plea to the jurisdiction granted in favor of Appellees, the City of El Paso and Maria O. Pasillas, Tax Assessor-Collector for the City of El Paso (collectively, the City). We affirm.

## FACTUAL BACKGROUND

This appeal involves three entities with common ownership—ATI Jet Sales, LLC (ATI Jet Sales); ATI Jet, Inc. (ATI Jet); and ATI Jet Sales West, LLC (ATI Jet Sales West). The ATI entities own various aircraft used in an air-charter business located at 7007 Boeing Dr., El Paso, Texas. In

2017, the ATI air-charter business advertised its services in El Paso County and promoted its fleet of available aircraft. However, the ATI entities had not filed personal property renditions with the El Paso Central Appraisal District (EPCAD) for its aircraft operating out of El Paso.

As a courtesy routinely extended to all taxpayers to maintain accurate values in the appraisal process, an EPCAD tax assessor began an investigation to assess the value of the ATI entities' aircraft. According to the EPCAD appraisal notes, the assessor attempted to contact Lyle Byrum, an ATI Jet Sales principal, to assist in the process. However, the assessor was "met with much resistance" from Byrum, who insisted that ATI Jet did not own any aircraft and only did repairs and maintenance on aircraft for other companies. Byrum advised the assessor to speak to Larry Fields, another ATI Jet Sales principal, but the assessor was unable to reach him. The assessor instead visited the ATI Jet website and Facebook page, on which it advertised that it owned six Bombardier Lear Jets in their fleet for charter, which aligned with the aircraft affiliated with ATI entities on public registries.

Further research revealed that the aircraft belonged to ATI Jet Sales, which was registered in Roswell, NM; however, Texas Comptroller and Texas Secretary of State records reflect that both ATI Jet and ATI Jet Sales operated through the same corporate umbrella of Capitol Corporate Services Inc., registered in Texas, and located at 7007 Boeing Dr.—the same address as the air-charter business. The assessor also researched the Eagle County, Colorado addresses listed on ATI Jet's website to ensure the entities would not be double assessed by the States of Texas and Colorado, confirming the ATI entities were not assessed on any Colorado tax rolls and did not store any aircraft at the Eagle County Regional Airport.

The assessor finally spoke to Fields, who claimed all the aircraft were used and leased by ATI Jet and hangered in Roswell, NM. After the assessor requested proof of the same, Fields

2

shared the lease agreements and claimed he owned three aircraft leased to ATI Jet from ATI Jet Sales West and the remaining three aircraft were owned by ATI Jet Sales West; however, he did not send any records reflecting whether the aircraft were hangered in Roswell. The tax assessor ultimately assessed the aircraft to ATI Jet Sales West, including Aircraft N277AL.

Upon notice that the property had been assessed as described, Byrum and Fields filed a late protest of ATI Jet Sales West's appraisal records.[1] The Appraisal Review Board issued its final order and determined the appraisal records were correct, listed ATI Jet Sales West on the account, and assessed all aircraft on that account. The ATI entities thereafter failed to pay ad valorem taxes for tax years 2017, 2018, and 2019.

### *Procedural History*

As a result of the tax delinquency, on July 10, 2020, the City filed its original application for tax warrant against ATI Jet Sales and ATI Jet Sales West. The City alleged ATI Jet Sales and ATI Jet Sales West were delinquent on the 2017, 2018, and 2019 ad valorem taxes on aircraft used in the operation of ATI Jet Sales and ATI Jet Sales West, and appended a certified delinquent tax statement detail, amounting to $487,271.67. The City claims it included ATI Jet Sales on the warrant application because its research reflected some of the aircraft assessed to ATI Jet Sales West—including Aircraft N277AL—and used by the ATI air-charter business were actually owned by ATI Jet Sales. County Court at Law No. 6 in El Paso County issued an order for tax warrant on July 17, 2020.[2] On September 2, 2020, the El Paso Sheriff's Department executed the warrant at 7007 Boeing Dr. and seized Aircraft N277AL.

---

[1] At the hearing, the Appraisal Review Board determined no good cause supported the late filing.

[2] The tax warrant filed in 2020 was the second warrant issued by the trial court for seizure of the personal property used in the operation of the ATI air-charter business located at 7007 Boeing Dr. The first warrant was issued and

In response, ATI Jet Sales filed a motion to quash, motion to dismiss, and motion for sanctions, as well as a counterclaim in tort against the City, claiming the City seized its property to satisfy ATI Jet Sales West's alleged tax delinquency. The City responded, asserting it relied on the facts and supporting documents provided by EPCAD public records, showing that numerous aircraft, including Aircraft N277AL, were registered under both ATI Jet Sales and ATI Jet Sales West in the Federal Aviation Administration records, and the ATI entities openly and notoriously advertised the aircraft as located and operating out of El Paso, Texas. According to the City, EPCAD informed Byrum and Fields of its intent to assess the aircraft to ATI Jet Sales, ATI Jet Sales West, and ATI Jet, and although fully informed, Byrum and Fields did not exhaust administrative remedies. Accordingly, the City relied on the assessment records and determined the tax lien extended to aircraft owned by both ATI Jet Sales and ATI Jet Sales West. In sum, the City asserted the motions were meritless and the trial court lacked jurisdiction based on its governmental immunity.

Nearly six weeks after the tax warrant was executed, and while the motions remained pending, ATI Jet Sales moved for a temporary restraining order, temporary injunction, and permanent injunction demanding return of Aircraft N277AL. However, on October 30, 2020, the trial court issued an order to stay the proceedings and remanded the matter to the EPCAD Appraisal Review Board, mooting the TRO and injunction motions. The order prohibited the City from seizing any more ATI Jet Sales or ATI Jet Sales West aircraft and required ATI Jet Sales West to post a bond of $200,000 into the court registry as a portion of the allegedly delinquent ad valorem taxes. The trial court further ordered the return of Aircraft N277AL upon payment of the bond.

---

served in 2018 but the City later withdrew it to afford ATI Sales West the opportunity to protest the assessment with the EPCAD.

4

However, ATI Jet Sales West did not comply with the order and refused to pay the bond to regain possession of Aircraft N277AL.

On November 20, 2020, ATI Jet Sales West filed for bankruptcy in New Mexico. That same day, the City voluntarily returned Aircraft N277AL and later moved to nonsuit ATI Jet Sales from the warrant case. ATI Jet Sales, however, refused to nonsuit its counterclaim, and on November 25, 2020, the City filed its plea to the jurisdiction. The trial court granted the City's plea, finding: 1) ATI Jet Sales and ATI Jet Sales West failed to provide notice of the claim as required by § 101.101 of the Texas Civil Practice and Remedies Code prior to filing the counterclaim; 2) the City acted within its taxing authority; and 3) ATI Jet Sales and ATI Jet Sales West thus failed to prove the City waived its immunity under § 101.055 of the Texas Civil Practice and Remedies Code.

On April 9, 2021, ATI Jet Sales filed this suit against the City alleging an unlawful taking and seeking a declaratory judgment that the seizure was unlawful and it was not delinquent on any taxes owed within the EPCAD.[3] The City answered, asserting five affirmative defenses: res judicata; collateral estoppel; governmental immunity; the compulsory counterclaim rule; and failure to mitigate damages. On August 13, 2021, the City filed its plea to the jurisdiction, motion to dismiss, and motion for summary judgment. The City argued the trial court lacked jurisdiction, asserting it retained immunity because no taking occurred, and because the trial court had already found the City acted lawfully in connection with the collection of taxes in the warrant case, res judicata and collateral estoppel defeated jurisdiction in this action.

_____

[3] ATI Jet Sales also initially asserted a tort claim, which it later abandoned.

The trial court held a hearing on the City's plea to the jurisdiction on October 20, 2021, in which it took judicial notice of the entire record in the warrant case. The trial court granted the City's plea to the jurisdiction and motion to dismiss, thus dismissing ATI Jet Sales' suit for lack of jurisdiction. This appeal followed.

## DISCUSSION

In three issues, ATI Jet Sales challenges the grant of the plea to the jurisdiction in favor of the City.[4] ATI Jet Sales' claims all implicate the City's governmental immunity: ATI Jet Sales alleged an unlawful taking, which according to ATI Jet Sales, amounted to the City exceeding its statutory authority, thereby waiving its immunity. Thus, the crux of this appeal is jurisdictional and turns on whether the City acted lawfully in connection with the collection of taxes. If we agree the City retained immunity, that is dispositive; the trial court's grant of its plea was thus proper, and we need not reach the issues of whether the trial court erred in dismissing ATI Jet Sales' takings claim and request for declaratory judgment on res judicata and collateral estoppel grounds or whether its ultra vires claim survives.

### *Standard of Review*

A plea to the jurisdiction challenges a court's authority to decide a case. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012). Whether a court has subject-matter jurisdiction is a matter of law reviewed de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). The plea can attack both the pleaded facts as well as the existence of jurisdictional facts by attaching evidence to the plea. *Flores v. Tex. Dep't of Criminal Justice*, 634 S.W.3d 440,

---

[4] In Issue One, ATI Jet Sales asserts the trial court erred in granting the plea to the jurisdiction on merit-based grounds not properly raised in a dilatory plea. In Issue Two, ATI Jet Sales contends the trial court erred in dismissing its takings claim and request for declaratory judgment, arguing res judicata and collateral estoppel do not act as a jurisdictional bar. In Issue Three, ATI Jet Sales argues a blanket statement of governmental immunity cannot defeat an allegation of ultra vires conduct or its request for a declaratory judgment.

450 (Tex. App.—El Paso 2021, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27) (Tex. 2004)). We construe the pleadings liberally in favor of the plaintiff. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (citation omitted). When there is no question of fact as to the jurisdictional issue, the trial court rules on the plea as a matter of law. *Flores*, 634 S.W.3d at 450 (citing *Heinrich*, 284 S.W.3d at 378). However, when the defendant challenges the existence of jurisdictional facts, the court must move beyond the pleadings and consider the evidence. *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (citing *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018)). The court can consider evidence necessary to resolve any dispute over those facts, even if the evidence implicates both the court's subject matter jurisdiction and the merits of the case. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

Because this standard mirrors that of summary judgments, the plaintiff must raise at least a genuine issue of material fact to avoid dismissal if his factual allegations are challenged with supporting evidence necessary to the consideration of the plea to the jurisdiction. *Clark*, 544 S.W.3d at 771. In determining whether a material fact issue exists, we take as true all evidence favorable to the plaintiff, indulge every reasonable inference and resolve any doubts in his favor. *Heinrich*, 284 S.W.3d at 378 (citing *Miranda*, 133 S.W.3d at 228).

### *Applicable Law*

### A. Governmental immunity and the Takings Clause

Political subdivisions of the state, including cities, enjoy immunity from suit unless it has been expressly waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Governmental immunity protects local government units, such as the City, for governmental functions. *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 512 (Tex. App.—Austin

2014, no pet.). Such immunity deprives courts of subject-matter jurisdiction over suits brought against governmental units and their agents unless the governmental unit has consented to suit through waiver of that immunity. *Id.* Immunity from suit is related to a trial court's subject-matter jurisdiction and a plea to the jurisdiction is a proper vehicle to challenge it. *Snelling v. Mims*, 97 S.W.3d 646, 649 (Tex. App.—Waco 2002, no writ).

The assessment and collection of taxes is a governmental function. *Vick v. Floresville Indep. Sch. Dist.*, 505 S.W.3d 24, 30 (Tex. App.—San Antonio 2016, pet. denied). However, the Constitution waives governmental immunity for claims brought under the Takings Clause. *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 236 (Tex. 2011). But that waiver is predicated upon a properly pled takings claim. *Hearts Bluff Game Ranch*, 381 S.W.3d at 476; *see Tex. Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 14T5, 148 (Tex. App.—Austin 1998, no pet.) ("An 'inverse condemnation' proceeding is the avenue of relief available when property has been taken or damaged for public use without compensation or a proper condemnation proceeding, and the property owner wishes to recover compensation for his loss."). The government's *improper* use of its taxing power to take real property supports a proper takings claim. *Villarreal v. Harris Cnty.*, 226 S.W.3d 537, 544 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

On the other hand, if the government *properly* uses its taxing power to take private property, the Takings Clause and its governmental-immunity waiver does not apply. *Id.* Thus, if the plaintiff fails to allege a takings claim, the property owner has no remedy; the governmental entity retains immunity, depriving the trial court of subject-matter jurisdiction. *Hearts Bluff Game Ranch*, 381 S.W.3d at 476.

## B. Applicable provisions of the Tax Code

"All real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law." TEX. TAX CODE ANN. § 11.01. A property tax, or "ad valorem" tax, is a tax on property based on the property's value. *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 43 (Tex. 2018). Texas law has "long recognized that property taxes are tied to the property rather than to an individual." *Id.*

Property owners are personally liable for taxes assessed on property owned on January 1 each year taxes are imposed. TEX. TAX CODE ANN. § 32.07(a). "This is true regardless of whether that person's name is listed on the appraisal roll or tax bill." *Willacy*, 555 S.W.3d at 43; *see* TEX. TAX CODE ANN. §§ 31.01(a), (g). The property owner is thus liable for taxes on property it owns, "even if it does not receive a tax bill or if the tax bill goes to another who is incorrectly listed as the owner." *Willacy*, 555 S.W.3d at 44. "In other words, ownership gives rise to tax liability, and the appraisal roll and tax roll merely reflect such ownership—they do not establish ownership or create tax liability." *Id.*

The Tax Code "provides detailed administrative procedures for a property owner to contest its property taxes." *Rio Valley, LLC v. City of El Paso*, 441 S.W.3d 482, 487 (Tex. App.—El Paso 2014, no pet.) (citing TEX. TAX CODE ANN. §§ 41.01–71)). These remedies are "exclusive" and "intended to resolve the majority of tax protests." *Id.* (internal quotations omitted). "Property owners may protest appraised value, ownership, or 'any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.'" *Nevarez as Tr. of 1010 S. Oregon Family Tr. v. City of El Paso*, No. 08-22-00061-CV, 2023 WL 3325197, at *3 (Tex. App.—El Paso May 9, 2023, no pet. h.) (mem. op.) (quoting TEX.

9

TAX CODE ANN. § 41.41(a)). However, property owners wishing to exercise this statutory protest right must timely file and continue to pay undisputed taxes before the delinquency date. *Id.*

When property tax liability becomes due, a tax lien in favor of each applicable taxing unit automatically attaches to all taxable property to secure the payment of taxes, penalties, and interest imposed for that year on the property. *Willacy*, 555 S.W.3d at 43; TEX. TAX CODE ANN. § 32.01(a). Unless a postponement rule applies, taxes are delinquent if they are not paid before February 1 of the year following the year in which they were imposed. TEX. TAX CODE ANN. § 31.02(a). Personal property is subject to seizure and sale for the payment delinquent taxes owed to a taxing unit. *Id.* § 33.21. Once taxes are delinquent, "a collector may apply for a tax warrant to any court in any county in which the person liable for the tax has personal property." *Id.* § 33.22(a). The court must issue the tax warrant if the application shows by affidavit that "the person whose property the applicant intends to seize is delinquent in the payment of taxes, penalties, and interest in the amount stated in the application." *Id.* § 33.22(c)(1). The taxing unit's records showing the property and amount of delinquent tax, penalties, and interest accrued constitute prima facie evidence that the amount listed is correct. *Id.* § 33.47. Once those documents are introduced, the burden then shifts to the taxpayer to show he has paid the full amount of taxes, penalties, and interest, or that he has an affirmative defense precluding the taxing unit's recovery. *Nevarez*, 2023 WL 3325197, at *6 (citing *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.)).

### *Analysis*

ATI Jet Sales' claims are premised on the notion that the City's actions fell outside the scope of its taxing authority. Specifically, ATI Jet Sales contends it was not listed on the appraisal roll, and because the appraisal roll listed only ATI Jet Sales West, the City exceeded its authority

in the collection of taxes when it seized Aircraft N277AL—*i.e.*, the City exceeded its authority by illegally seizing property owned by one taxpayer (ATI Jet West) in satisfaction of delinquent taxes owed by another taxpayer (ATI Jet Sales). The City responds that ATI Jet Sales failed to plead factual assertions that proved the City exceeded its authority in the collection of taxes and thus waived its governmental immunity. We agree.

As detailed above, the tax assessor completed a thorough assessment of the aircraft used in the ATI air-charter business. Following a late-filed protest, the EPCAD Appraisal Review Board confirmed the appraisal records were correct. The exclusion of ATI Jet Sales on the appraisal roll does not negate its liability for property tax purposes. *See Willacy*, 555 S.W.3d at 44. ("When a property owner does not ensure that the appraisal district records correctly lists its name, address, and property, inaccuracies on the appraisal roll and tax roll may result. Such inaccuracies do not relieve the property owner of its tax liability[.]").

Further, the City properly filed its original application for tax warrant pursuant to the Tax Code. *See* TEX. TAX CODE ANN. § 33.22 The application was supported by a certified delinquent tax statement detail for tax years 2017, 2018, and 2019, which constitutes prima facie evidence that the taxing authority has complied with all legal requirements and the amount of allegedly delinquent property tax and penalties due are correct. *Id.* § 33.47(a). The City also attached to the warrant application the tax assessor's affidavit. *Id.* § 33.22(c). The trial court granted and issued the warrant, which ordered seizure of ATI Jet Sales' and ATI Jet Sales West's property in satisfaction of the delinquent taxes. *Id.* § 33.23(a) ("A tax warrant shall direct a peace officer in the county and the collector to seize as much . . . personal property as may be reasonably necessary for the payment of all taxes[.]"). The El Paso Sheriff's Office thereafter seized Aircraft N277AL

as directed by the warrant. In short, the City complied with all applicable provisions of the Tax Code.

When the facts underlying the merits and subject-matter jurisdiction are intertwined, as they are here, the trial court must consider jurisdictional evidence in determining whether to grant or deny the plea. *See Miranda*, 133 S.W.3d at 227. Because the City challenged ATI Jet Sales' factual allegations with evidence negating the trial court's jurisdiction, the burden then shifted to ATI Jet Sales to raise at least a genuine issue of material fact to avoid dismissal. *See Clark*, 544 S.W.3d at 771. In other words, ATI Jet Sales had to raise a fact issue as to whether the City acted lawfully in the collection of taxes. *See id.* at 228. It did not do so. That defeats ATI Jet Sales' takings claim and its governmental-immunity waiver. The trial court thus properly granted the City's plea to the jurisdiction. *York v. State*, 298 S.W.3d 735, 749 (Tex. App.—Fort Worth 2009), *rev'd on other grounds*, 373 S.W.3d 32 (Tex. 2012) ("When a plaintiff fails to allege facts that would support a valid takings claim, governmental immunity applies, and the trial court should grant a plea to the jurisdiction."). ATI Jet Sales' ultra vires claim fails for the same reason.[5] *See Town Park Center, LLC v. City of Sealy*, 639 S.W.3d 170, 197 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("A plaintiff bringing an ultra vires claim must allege and ultimately prove that the official acted without legal authority[.]").

The trial court also properly dismissed ATI Jet Sales' declaratory judgment claim for lack of jurisdiction. A suit seeking a declaratory remedy cannot be brought against the City of El Paso, which retains immunity, but must be brought against Pasillas, the city actor, in her official capacity. *Heinrich*, 284 S.W.3d at 373; *see Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011).

---

[5] ATI Jet Sales cannot maintain an ultra vires claim against the City, as an ultra vires claim must be brought against a government official in her official capacity, not the governmental entity directly. *Heinrich*, 284 S.W.3d at 373.

Further, a declaratory judgment claim requires "a justiciable controversy about the rights and status of the parties and the declaration will resolve the controversy." *Kadish v. Pennington Associates, L.P.*, 948 S.W.2d 301, 304 (Tex. App.—Houston [1st Dist.] 1995, no writ). The Declaratory Judgment Act does not confer additional jurisdiction on the trial court but is instead a "procedural device for deciding cases already within [its] jurisdiction." *Sefzik*, 355 S.W.3d at 621–22 (quoting *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (2011)). Because we have found both the City and the tax assessor acted lawfully in connection with the collection of taxes— and thus ATI Jet Sales' takings claim is not viable—the trial court does not have subject-matter jurisdiction to hear a declaratory judgment action on that issue either.[6]

In sum, the City acted within its authority in connection with the collection of taxes and thereby retained its governmental immunity. The trial court properly granted the City's plea and dismissed ATI Jet Sales' suit for lack of jurisdiction.

## CONCLUSION

Having overruled each of ATI Jet Sales' issues, we affirm.

YVONNE T. RODRIGUEZ, Chief Justice

July 5, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

---

[6] Because we conclude the City acted within its taxing authority, we need not consider ATI Jet Sales' issue regarding res judicata or collateral estoppel. In other words, because the record in this case demonstrates the City retained its governmental immunity, we need not look to a court's finding of the same in the warrant case to support the disposition here.