# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00032-CV

---

**Vincent Hesener, Appellant**

**v.**

**Travis County, City of Pflugerville, Pflugerville ISD, Travis County ESD #02, and Travis County Central Health District, Appellees**

---

**FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-23-005655, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Vincent Hesener, proceeding pro se, sued five taxing units in Travis County—Travis County, the City of Pflugerville, Pflugerville ISD, Travis County Emergency Services District (ESD) #02, and Travis County Central Health District (collectively, Appellees)—to challenge the validity of his property tax bills from 2021 and 2022. Specifically, in September 2023, Hesener filed suit to quiet title to his Pflugerville real property, arguing that the automatic statutory lien to collect nearly $20,000 in delinquent ad valorem taxes constitutes a "cloud" on his title that prevents him from selling the property "at maximum profit." Hesener challenged the 2021 and 2022 tax assessments as "invalid" and "illegal" because they do "not specify any lawful authority for imposing the burden on the real property." Hesener sought declaratory judgment that his property "is not subject to any tax lien or chargeable with any tax under Tex. Tax Code"; that Appellees "have no estate, right, title, lien, or interest in" his property;

and that he owns the property in fee simple. He also sought injunctive relief preventing Appellees "from collecting on the real property for the tax years material to this suit."

Appellees responded by filing a joint plea to the jurisdiction and Rule 91a motion to dismiss.[1] In the jurisdictional plea, Appellees argued Hesener had not pled a recognizable waiver of their governmental immunity from suit or liability such that the trial court lacks subject-matter jurisdiction over Hesener's claims. Further, Appellees contended Hesener failed to demonstrate that he exhausted all administrative remedies available to him, including seeking any applicable tax exemptions, before filing his suit and thus lacked standing to maintain his claims. After a hearing—at which Hesener agreed Appellees "have the authority to assess and collect taxes, including on [his] property"—the trial court granted Appellees' joint plea to the jurisdiction and Rule 91a motion to dismiss and dismissed Hesener's claims with prejudice.

On appeal, Hesener maintains that his 2021 and 2022 tax assessments are "defective" because "the liability did not rely on a statute which imposes the duty to pay it," such that the tax is "wholly illegal in the first place." He urges that he was not required to exhaust administrative remedies because the appraisal review board, tax assessor-collector, and chief appraiser are "powerless" to grant the relief he seeks in that they cannot remove his "entire tax liability on the grounds that it was not statutorily imposed." Hesener also maintains that whether he is excluded from liability is a purely legal question appropriate for first review by the district court and that a suit to quiet title is the proper remedy to establish whether the "cloud" on his title

---

[1] In the Rule 91a motion, Appellees maintained that they are authorized to assess and collect such taxes under the Texas Constitution, as well as numerous statutes, and that the tax liens Hesener complains of are automatically assessed against all taxable real property each year as a matter of law such that his suit lacks merit. Because we affirm the trial court's order based on the jurisdictional plea, we do not reach Hesener's arguments regarding the Rule 91a motion.

2

is "invalid." As to the governmental-immunity issue, Hesener contends that he "seeks only prospective injunctive relief from a tax sale, and a declaration to set aside the lien from an invalid assessment," which he argues means that he "is not required to obtain legislative consent" to sue Appellees. And Hesener requests the opportunity to replead if this Court determines that "the issue is one of pleading sufficiency alone."

However, "[p]olitical subdivisions of the state, including cities, share in Texas' inherent sovereign immunity."[2] *Garcia v. City of Willis*, 593 S.W.3d 201, 208 (Tex. 2019). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). While the legislature may waive governmental immunity, those waivers must be "clear and unambiguous." *Garcia*, 593 S.W.3d at 208 (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003)). And in a suit against a governmental entity, the plaintiff must establish the state's consent to suit, "either by reference to a statute or to express legislative permission." *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Because governmental immunity defeats a trial court's subject-matter jurisdiction and subject-matter jurisdiction is a legal question, we review a trial court's ruling on a plea to the jurisdiction de novo. *McLane Co. v. Texas Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 874 (Tex. App.—Austin 2017, pet. denied) (citations omitted); *see also Houston Belt & Terminal Ry.*

---

[2] Travis County, the City of Pflugerville, Pflugerville ISD, and Travis County ESD #02 are political subdivisions of the state entitled to governmental immunity except in the circumstances in which the legislature has provided a limited waiver consenting to suit. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 101.001(3)(B), (C). Travis County Central Health District is a hospital district established by the voters of Travis County. *See generally* Tex. Health & Safety Code §§ 281.001–.004 (providing rules for creation of hospital district); *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 841–49 (Tex. 2009) (discussing hospital district's entitlement to governmental immunity).

*Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016) (noting that appellate courts "construe the pleadings liberally in the pleaders' favor and look to their intent" when reviewing jurisdictional plea).

Here, Hesener has not met his burden to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012) ("The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction."). Though he has sued five governmental entities, he has not identified a statutory waiver of immunity for any defendant. *See* Tex. Gov't Code § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."); *see, e.g.*, Tex. Civ. Prac. & Rem. Code §§ 101.001(3)(B), (C) (defining governmental units under Texas Tort Claims Act), .025(a) (waiving sovereign immunity "to the extent of liability created by this chapter"), .055(1) (providing that this chapter does not apply to claim arising "in connection with the assessment or collection of taxes by a governmental unit"). Though Hesener cites his request for declaratory relief as sufficient to overcome governmental immunity, he does not challenge the validity of an ordinance or statute. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011) ("[Plaintiff] is not challenging the validity of a statute; instead, he is challenging TxDOT's actions under it, and he does not direct us to any provision of the UDJA that expressly waives immunity for his claim."). Nor does Hesener direct us to any statutory provision that expressly waives immunity for his claims. *See Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388–89 (Tex. 2011) (noting that Declaratory Judgments Act "is not a general waiver of sovereign immunity" and "does not alter a trial court's jurisdiction" and that "[t]he central test for determining jurisdiction is whether the 'real substance' of the plaintiff's claims falls within the scope of a waiver of immunity for suit"); *Vick v. Floresville Indep. Sch. Dist.*,

4

505 S.W.3d 24, 30 (Tex. App.—San Antonio 2016, pet. denied) (concluding governmental units' immunity was not waived in suit resisting taxing entities' attempt to recover delinquent ad valorem taxes). Likewise, Hesener does not seek reimbursement of an allegedly illegal tax paid involuntarily or under duress. *Cf. Garcia*, 593 S.W.3d at 209 (recognizing "a narrow exception to immunity when a plaintiff seeks reimbursement of an allegedly unlawful tax, fee, or penalty that was paid involuntarily and under duress"). Nor has Hesener sued a governmental official or attempted to assert an ultra vires claim. *See McLane Co.*, 514 S.W.3d at 877 (discussing ultra vires exception to governmental immunity).

Even if Hesener were afforded the opportunity to amend to sue a governmental official, the jurisdictional defect cannot be cured. That is, even construing Hesener's pleadings liberally in his favor, his suit arises from the imposition of an automatically placed tax lien for unpaid ad valorem taxes—the basis of which he does not challenge—not the illegal action of any state official. *See* Tex. Tax Code § 32.01(a) ("On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property."); *see also Avery v. Guadalupe Cnty. Appraisal Dist.*, No. 04-16-00572-CV, 2017 WL 1337640, at *4–7 (Tex. App.—San Antonio Apr. 12, 2017, pet. denied) (mem. op.) (discussing "authority and lawfulness of Texas taxing units to impose and collect ad valorem taxes").

Because Hesener has not met his burden to show any exceptions to or waiver of Appellees' governmental immunity from his claims, we affirm the trial court's order granting Appellees' plea to the jurisdiction. We do not reach Hesener's other issues on appeal. *See* Tex. R. App. P. 47.1.

_____

Rosa Lopez Theofanis, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   March 21, 2025

6